[Cite as *Riley v. S. Ohio Correctional Facility*, 2010-Ohio-4217.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON RILEY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

    Case No. 2009-09248-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Shannon Riley, an inmate incarcerated at defendant, Southern Ohio Correctional Facility (SOCF), stated that he was transferred to a segregation unit on May 14, 2009. Plaintiff's personal property was inventoried, packed, and delivered into defendant's custody incident to the transfer. Plaintiff has alleged that when he was released from segregation and regained possession of his property he discovered several items were missing or damaged that he had in his possession on May 14, 2009.

{¶ 2} 2) Plaintiff claimed that the following property items were either damaged or not returned: one Yamaha keyboard (damaged), one pair of New Balance shoes (damaged), one t-shirt, one pair of shorts, one adapter, twenty-one cassette tapes, three towels, one laundry detergent, one photo album (damaged), three boxes of Little Debbies, four honey pepper sticks, five candy bars, and six pies. Plaintiff asserted that his property was lost, stolen, or damaged while under the control of SOCF staff. Plaintiff filed this complaint seeking to recover damages in the amount of $546.27, the estimated replacement cost of his alleged damaged and missing property. Plaintiff

requested reimbursement of postage costs in the amount of $17.70. No recovery for these costs is permitted in a claim of this type. The claim for postage expense is dismissed and shall not be further addressed. Payment of the $25.00 filing fee was waived.

{¶ 3} 3) Plaintiff submitted a copy of a "Conduct Report" that he was issued on May 21, 2009 for a rule violation (possession of contraband) he committed on May 18, 2009. The charging SOCF officer noted in the "Conduct Report" that multiple items of personal property in plaintiff's possession were confiscated after plaintiff's property was delivered to the SOCF property room. The confiscated items which included four boxes of Little Debbies, five towels, thirty-one cassette tapes, four sausage sticks, and a pair of tennis shoes were taken to the SOCF contraband locker.

{¶ 4} 4) Defendant denied liability in this matter contending that plaintiff has not offered evidence to prove any of his property was lost as a proximate cause of any negligent act or omission on the part of SOCF staff. Defendant explained that, pursuant to internal regulations, "[s]ubject to certain specified exceptions, the total amount of property an inmate may possess at any given time must not exceed 2.4 cubic feet in volume," the volume of standard issued footlocker. Defendant further explained that when plaintiff's property was first packed on May 14, 2009, it was discovered that he possessed property in excess of the volume limitations and this property was confiscated. Plaintiff was charged with possession of contraband and subsequently found guilty of the charge. Defendant pointed out that plaintiff was required to make some disposition authorization regarding the confiscated contraband property. Defendant submitted a copy of an "Inmate Contraband Slip" showing plaintiff authorized the destruction of certain contraband items and the mailing of the bulk of the contraband items. Defendant advised that SOCF staff complied with plaintiff's disposition authorization in regard to the confiscated contraband. Furthermore, defendant specifically denied that any property returned to plaintiff was damaged while under the control of SOCF staff.

{¶ 5} 5) Plaintiff filed a response noting that he possessed multiple property items for years and was never issued a "Conduct Report" for possessing excessive property until May 2009. Plaintiff asserted that he was issued a "Conduct Report" for possession of contraband "out of spite." Plaintiff implied that defendant did not comply with internal regulations in charging him with possession of contraband. Plaintiff

insisted that his keyboard was damaged while under the control of SOCF staff.

CONCLUSIONS OF LAW

{¶ 6} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 7} 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 8} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} 4) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 5) Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 6) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 7) The state cannot be sued for the exercise of any executive planning function involving the implementation of a policy decision characterized by a high degree of discretion. *Reynolds v. State* (1984), 14 Ohio St. 3d 68. Any decision made by defendant in ordering plaintiff to mail out his property is not actionable in this court.

{¶ 13} 8) By authorizing the destruction of the confiscated property, plaintiff relinquished all ownership rights to the property. *Howard v. Mansfield Correctional Inst.*,

Ct. of Cl. No. 2005-01293-AD, 2005-Ohio-4645.

{¶ 14} 9)   The Supreme Court of Ohio has held that "[p]rison regulations * * * are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139.   "A breach of [defendant's] internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. & Corr.* (1993), 67  Ohio Misc. 2d 1, 3.  See also *Horton v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP-198, 2005-Ohio-4785, ¶29.  Therefore, to the extent plaintiff alleges that defendant failed to comply with internal policies, he fails to state a claim upon which relief may be granted.

{¶ 15} 10)  Plaintiff has failed to show any causal connection between any property damage and any breach of duty owed by defendant in regard to protecting inmate property.  *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 16} 11)  Plaintiff has failed to prove, by a preponderance of the evidence, any losses as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON RILEY

Plaintiff

v.

SOUTHERN OHIO CORRECTIONAL FACILITY

Defendant

Case No. 2009-09248-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
MILES C. DURFEY
Clerk


Entry cc:

Shannon Riley, #232-001
P.O. Box 45699
Lucasville, Ohio  45699


Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
4/21
Filed 5/5/10
Sent to S.C. reporter 9/2/10